**SO ORDERED.**

**SIGNED this 20 day of June, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| ERIC BENSON HURST, | CHAPTER 7 |
| AMY GORDON HURST, | CASE NO. 13-05987-8-RDD |
| DEBTOR | |

**ORDER GRANTING MOTION TO DISMISS
CHAPTER 7 PROCEEDING PURSUANT TO 11 U.S.C. § 707(b)(1)**

Pending before the Court is the Motion to Dismiss Chapter 7 Proceeding Pursuant to 11 U.S.C. § 707(b)(1) and (b)(3) filed by the Bankruptcy Administrator on December 13, 2013 ("the Motion to Dismiss") and the Response to the Motion to Dismiss filed by Eric Benson Hurst and Amy Gordon Hurst (the "Debtors") on December 30, 2013 (the "Objection"). A hearing was held on June 16, 2014 in Greenville, North Carolina to consider the Motion to Dismiss and the Objection.

The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on September 23, 2013. The Bankruptcy Administrator filed a statement of presumed abuse on November 13, 2013.

The Debtors' schedules indicate that they have $297,695.00 of secured debts, $0.00 of priority unsecured debts, and $63,949.00 of non-priority unsecured debts. Debtors' debts are

primarily consumer debts. The Debtors are married and have one dependent child. The Means Test on Form B22A indicates that their household size is three. Schedule I of the Debtors' petition states that the male debtor is a rolloff supervisor with Waste Industries, LLC. The male debtor earns $5,088.74 per month in gross wages. The male debtor deducts from his wages the following: taxes ($1,112.17); insurance ($248.41); disability insurance ($17.66); and 401(k) loan ($192.73). [1]

The male debtor is employed as a bookkeeper with Virginia Beach City Public Schools and earns $3,582.50 per month in gross wages. The female debtor deducts from her wages the following: taxes ($767.88); insurance ($193.28); mandatory retirement ($71.64); and annuity ($100.00). The Debtors state that their net monthly household income is $5.967.71 per month. For purposes of the Means Test, the Debtors state that their current monthly income (CMI), as defined in 11 U.S.C. § 101(10A), is $9,416.05, which prorates to $112,992.60.

The Bankruptcy Administrator subsequently filed the Motion to Dismiss pending before the Court. Pursuant to the Motion to Dismiss, the Bankruptcy Administrator asserts that the Debtors' case should be dismissed or converted to chapter 13 pursuant to 11 U.S.C. § 707(b)(1). A court may dismiss a case under chapter 7 or, with the consent of the Debtor, convert a case to chapter 11 or 13, should the court determine that granting relief would be an abuse of the provisions of chapter 7. *In re Hammock*, 436 B.R.343 (2010). To determine whether granting relief would be an abuse, a court should presume an abuse exists if the Debtor's current monthly income reduced by certain amounts and multiplied by 60 is not less than the lesser of "(I) 25 percent of the debtor's non-

---

[1] The male debtor's annual gross income has been reduced by $13,000.00 because of a serious medical condition. Previously the male debtor drove a truck and made deliveries. After surgery, he had to take a supervisor's position at the lower salary. The Debtor had disc surgery prior to the filing of the petition. Even with the reduction in income, the case is still a presumed abuse.

priority unsecured claims in the case, or $7,475, which ever is greater; or (II) $12, 475. 11 U.S.C. §707(b)(2)(A)(i)(I)(II).

The Bankruptcy Administrator contends that the Debtors have taken improper deductions for life insurance policies, vehicle operational expenses, and once corrected, the case would still be a presumed abuse. Further the Bankruptcy Administrator believes that the Debtors have a projected disposable income that would require a substantial dividend to unsecured creditors in a Chapter 13 proceeding. Additionally, the Bankruptcy Administrator argues that, when taken as a whole, even if the presumption of abuse does not arise, this case should be dismissed based on the totality of the circumstances of the Debtors' financial situation pursuant to 11 U.S.C. § 707(b)(3).

The Debtors argue that the "special circumstances" contemplated by Congress and provided in Section 707(b)(2)(B) allow them to rebut the presumption of abuse. The Debtors allege that "special circumstances" present in their case include a long distance commute for both Debtors and the subsequent expenses that arise because of that commute. The male debtor testified that his commute is approximately seventy miles round trip. The female debtor testified that her commute was approximately ninety five miles round trip. Both Debtors testified that this commute was unavoidable and the alternative method of car pooling was unavailable to them as their places of work are not in close proximity to one another. The Debtors allege, as the basis for the "special circumstances," that their reasonable and necessary transportation expenses exceed the IRS allowance for transportation expenses by $212.00 per month. The Debtors allege that they are not able to put together a feasible chapter 13 plan as they have negative monthly projected disposable

income.[2]

Congress created the "special circumstances" in the Section 707(b)(2)(B) of the Code for circumstances "'for which there is no reasonable alternative' to allow for certain adjustments to current monthly income or additional expenses." *In re Hammock*, 436 B.R.343 (2010); citing *In re Siler*, 426 B.R. at 172-173. Section 707(b)(2)(B) lists two examples in which a determination of special circumstances is found, "a serious medical condition or a call or order to active duty in the Armed Forces." 11 U.S.C. § 707(b)(2)(B). The enumerated examples reflect Congress's intent for the special circumstances listed in this section to be serious and special. This Court, in *Hammock*, reflected on the decision made in *Martin* regarding these "special circumstances" quoting, that "special circumstances" should be construed as "uncommon, unusual, exceptional, distinct, peculiar, particular, additional or extra factors or conditions..." *In re Hammock*, 436 B.R.343 (2010), quoting *In re Martin*, 371 B.R. 347, 352 (Bankr.D.Ill.2007). This Court's interpretation of the "special circumstances" as set forth in *Hammock*, concludes that, "this interpretation of 'special circumstances' would prevent most Debtors from meeting its high standard" and is in line with the intent of Congress. *In re Hammock*, 436 B.R.343 (2010), quoting *In re Siler*, 462 B.R. at 172; *see also In re Harr*, 360 B.R. 759, 760 (Bankr.N.D.Ohio 2007)(providing that Congress intended "to set this bar extremely high, placing it effectively off limits for most Debtors").

---

[2]Schedule J shows several areas where these Debtors could cut expenses**:** satellite and internet is $200.00 per month, cell phones are $170.00 per month, and pet expenses are $139.00 per month. The national and local standard for non-housing expenses is $602.00. Debtors non-housing expenses are $759.00 which is $157.00 above national and local standards. The Debtors house payment is $1,906.00 which is $744.00 above the national and local allowed housing expense of $1,162.00 for northeastern North Carolina. Also, the deduction for the credit union loan has ended, adding $186.00 to the Debtors' projected disposable income. However, Debtors contend that their monthly health insurance cost will increase by $200.00 per month.

This Court holds that the Debtors' commute of approximately 70 miles and 95 miles, respectively, and the subsequent expenses associated with that commute do not constitute "special circumstances" under Section 707(b)(2)(B). The Debtors' commute is not "uncommon, unusual, exceptional, distinct, peculiar" and does not rise to the level of a serious medical condition or a call or order to active duty in the Armed Forces as Congress intended.[3]

## CONCLUSION

Therefore, the Bankruptcy Administrator's Motion to Dismiss is **GRANTED**. However, the Court affords the Debtors the opportunity to consider converting this case to a proceeding under Chapter 13. The Debtors have twenty-one (21) days from the entry of this Order to file a Motion to Convert this case to a case under Chapter 13 of the Bankruptcy Code. If the Debtors fail to do so, the case shall be dismissed as an abuse under Section 707(b)(1) of the Bankruptcy Code.

**SO ORDERED**.

**END OF DOCUMENT**

---

[3] As abuse is found under 11 U.S.C. § 707 (b)(1), the Court need not consider a dismissal pursuant to 11 U.S.C. § 707(b)(3).